GRIMES, Acting Chief Judge.
This appeal involves the fallout resulting from an aborted land sales contract.
Martin Field contracted to purchase land in Pinellas County for $5,250,000 from John and Shirley Kotehman. The contract called for an earnest money deposit of $50,000 to be placed in escrow. At closing, the Kotch-mans would receive $1,200,000 in cash plus a mortgage of $4,000,000. Closing was set for January 15,1981. The contract allowed Field the option of extending the closing date for up to two thirty-day periods by paying the Kotchmans additional monies. Closing was contingent upon Field’s obtaining a site plan approval and a building permit.
Field exercised his option to procure both extensions, thereby moving the closing date to March 15, 1981. However, on March 11, 1981, Field filed suit against the Kotchmans for specific performance. He alleged, among other things, that the Kotchmans had stated that they would refuse to close and that they were violating the agreement by refusing to cooperate with Field in obtaining a final site plan approval and a valid building permit. In the Kotchmans’ answer, they alleged that they had complied fully with the contract and that Field had brought the lawsuit in order to obtain an unwarranted extension of time for closing beyond March 15, 1981. They also filed a counterclaim seeking damages for disparagement of title and breach of contract.
On July 16, 1981, the date set for trial, the parties entered into a stipulation in open court which provided for a settlement of the lawsuit. The stipulation provided that the closing date would be extended until September 15, 1981. The parties agreed to escrow a deed and mortgage. As soon as this was accomplished, the earnest money deposit of $50,000, previously placed in escrow, would be released to the Kotch-mans. In addition to paying $1,200,000 at closing, Field agreed to pay the Kotchmans an additional $95,000. This sum would cover the Kotchmans’ costs and attorney’s fees in the approximate amount of $50,000, and interest payments on an outstanding mortgage and pro-rated taxes through September 15,1981, totalling $45,000. Because the site plan and building permit had already been obtained, Field waived his right to withdraw from the contract should these approvals not be forthcoming. The parties agreed to the entry of a judgment reflecting the provisions of the settlement, to which would be attached a copy of the original sales contract.
The deed was prepared shortly after the settlement. The note and mortgage were not prepared until about two weeks before the scheduled closing date because of an unavoidable delay in obtaining some information necessary for completion of the *562 mortgage. The $50,000 earnest money remained in escrow. Shortly before closing, Field’s mortgage commitment was withdrawn, and he was unable to proceed with the purchase. The parties then filed numerous motions concerning the disposition of the monies referred to in the stipulation as well as other matters.
At the hearing, the court noted that the final judgment had never been signed because the parties had been unable to agree upon its form. Therefore, the court entered a final judgment, nunc pro tunc, which set forth the provisions of the stipulation. At a later hearing, the court took testimony concerning the various contentions of the parties. Thereafter, the court entered a supplemental final judgment awarding the original $50,000 earnest money to the Kotchmans as a full and complete satisfaction of all of Field’s obligations to the Kotchmans. The court otherwise denied the parties’ claims against each other.
On appeal, the Kotchmans contend that the court erred in failing to award them the $95,000 referred to in the stipulation and in refusing to allow them to seek damages for Field’s breach of the land sales contract. Field cross-appealed claiming his right to reimbursement of the $50,-000 on the premise that the Kotchmans were unable to furnish a clear title to the property. The cross-appeal is without merit because the evidence supports the court’s conclusion that it was Field, rather than the Kotchmans, who was in default under the contract. We also agree that the Kotch-mans could not recover damages, as such, for Field’s failure to go through with the transaction. However, we reverse that portion of the supplemental judgment which held that the Kotchmans were not entitled to the $95,000.
The parties entered into the stipulation to avoid the consequences of the lawsuit. Field agreed to pay the $95,000 in order to extend the closing date. This payment was contemplated to cover matters arising between Field and the Kotchmans from the date of the filing of the suit. The $50,000 was specified as being the approximate amount of attorney’s fees and costs the Kotchmans had expended in the suit. The $45,000 was to make the Kotchmans whole for the delay in the closing until September 15, 1981. The original contract provided that for each thirty-day extension in the closing, Field would pay $6,250 plus the real estate taxes accruing on the property during the thirty-day period. The $6,250 constituted one month’s interest on an outstanding mortgage. Field paid the Kotchmans $7,500 per month for the two extensions which moved the closing from January 15, 1981, to March 15, 1981. By virtue of the lawsuit and the stipulation, the closing was delayed an additional six months from March 15, 1981, to September 15, 1981. It was logical for the Kotchmans to be reimbursed for mortgage interest and taxes for the six additional months at a rate of $7,500 a month because this was money which the Kotchmans would not have had to expend if the closing had occurred on March 15, 1981. Moreover, Field is in no position to argue that since the Kotchmans still own the land, they ought not to be reimbursed for the mortgage interest and taxes. It was Field’s fault that the sale never took place and, in the meantime, the Kotchmans’ land was tied up under the contract. Consequently, the Kotchmans were entitled to the $95,000 on September 15, 1981, regardless of whether Field went through with the purchase.
In refusing to award the Kotchmans anything more than the original $50,000 earnest money, the court reasoned that because the land sales contract was made a part of the settlement, the provisions of paragraph 8(b) thereof exonerated Field from all other liability. Paragraph 8(b) of the contract read as follows:
(b) In the event Purchaser defaults under the terms of this Agreement, the earnest money deposit, together with all interest accrued thereon, shall be forfeited to Seller as liquidated damages, consideration for the execution of this Agreement, and in full settlement of all claims of the Seller, whereupon all parties shall be relieved of all obligations under this Agreement.
The land sales contract was made a part of the settlement because it contemplated *563 the closing of the sale pursuant to the contract. The closing details contained in the contract were a necessary part of the sale. We agree that the provisions of paragraph 8(b) precluded the Kotchmans from suing Field for damages for breach of the contract. However, we do not construe the provisions of paragraph 8(b) as having any bearing on the disposition of the $95,000. This was simply money Field agreed to pay the Kotchmans as part of the settlement in order to move the closing back to September 15, 1981. Even if the $95,000 could be characterized as additional earnest money, thereby increasing the purchase price by that amount, Field would be no better off because then the provisions of paragraph 8(b) would dictate its forfeiture to the Kotchmans along with the original $50,000 earnest money.
Accordingly, we reverse that portion of the supplemental final judgment denying the Kotchmans’ claim for $95,000 and remand with directions to enter a judgment for the Kotchmans in accordance with this opinion. In all other respects, the judgment is affirmed.
RYDER, J., and NELSON, WILLIAM J., Associate Judge, concur.